# EXHIBIT B

ANDREW S. AZARMI (Bar No. 241407)
andrew.azarmi@dentons.com
MENGMENG ZHANG (Bar No. 280411)
mengmeng.zhang@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1210
Oakland, California 94612
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Plaintiff
NEW YORK LIFE INSURANCE COMPANY

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco

07/26/2024
Clerk of the Court
BY: JAMES FORONDA
Deputy Clerk

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO CORCUCHIA, an individual, and DOES 1-50,<br><br>Defendant. | Case No. CGC-24-616807<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff New York Life Insurance Company (hereafter "New York Life"), for its Complaint against Defendant Fernando Corcuchia (hereafter "Corcuchia"), alleges as follows:

**NATURE OF THIS ACTION**

1. New York Life brings this action to recover from Corcuchia, one of its former agents, monetary damages of $145,665.78, along with an award of prejudgment interest, attorneys' fees and costs, which Corcuchia owes to New York Life under a written contract he entered into with New York Life. The amount owed represents the current negative, or "debit," balance in Corcuchia's agent ledger with New York Life.

2. Corcuchia's debit balance resulted from New York Life's reversal of commission advances it paid to Corcuchia based on life insurance applications he submitted that never actually

resulted in the issuance of life insurance policies, or resulted in policies on which commissions were adjusted (for example, due to a change in the amount of insurance applied for or offered), or on policies that were issued and later rescinded or cancelled. Under the parties' contract, all such reversed commission advances are an indebtedness of the agent and are debited against the agent's ledger.

3. Despite New York Life's demand, Corcuchia has failed to return $145,665.78 worth of advances it paid to him. After New York Life learned that many of the policies Corcuchia purportedly sold never actually resulted in a consummated transaction, New York Life demanded return of the advances from Corcuchia, but Corcuchia has failed to comply.

4. New York Life has commenced this action to recover the cash advances Corcuchia was paid, plus prejudgment interest and attorneys' fees, costs and expenses, based upon Corcuchia's breach of contract.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

**THE PARTIES**

5. Plaintiff New York Life is a mutual life insurance company organized and existing under the laws of the State of New York, with its principal office located in New York City, New York. New York Life is an admitted insurer licensed to issue life insurance policies, among other types of policies, in the state of California.

6. Defendant Corcuchia is an individual who resides in San Francisco, California, and who, upon information and belief, resided in San Francisco County during all of the relevant events alleged in this Complaint.

7. Corcuchia held appointments as an insurance agent with New York Life in California and was authorized to sell life insurance policies in California. Corcuchia acted as a New York Life agent from approximately January 11, 2011 to November 29, 2017, an associate partner from approximately April 17, 2017 to October 13, 2017, a partner from approximately November 30, 2017 to March 24, 2022, and again as an agent from March 24, 2022 to April 14, 2023. He was assigned to New York Life's Greater San Francisco General Office.

8. The true names and capacities of DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to New York Life at this time, which

therefore sues these defendants by such fictitious names. When the true names, capacities, and relationships of such defendants are ascertained, New York Life will ask leave of Court to amend this Complaint to insert the same.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in the Superior Court for the County of San Francisco pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this Court.

10. Venue is proper in this County pursuant to Section 395(a) of the California Code of Civil Procedure because Defendant Corcuchia is a resident of San Francisco County, and the events giving rise to this action occurred within San Francisco County.

## FACTUAL ALLEGATIONS

### The Agent's Contract

11. On or about January 11, 2011, New York Life and Corcuchia entered into an Agent's Contract (Form N9 – 10/10) (the "N9 Contract") and a Training Allowance Subsidy Plan Agreement (Form TAS-10/10 CA, MT, ND, SD) (the "TAS contract") (together, the "Agent's Contract").

12. In the Agent's Contract, New York Life authorized Corcuchia, among other things, to solicit applications for individual life insurance policies to be issued by New York Life, and to collect certain policy premiums on New York Life's behalf, in exchange for specified commissions to be paid to Corcuchia.

13. Corcuchia thereafter acted as an agent for New York Life and, in that capacity, obtained applications for policies, on which New York Life paid Corcuchia advance commissions.

### Termination of Corcuchia's Agent Contract

14. By letter dated March 22, 2023, New York Life notified Corcuchia that it was terminating his Agent's Contract, stating in pertinent part as follows:

> This is to inform you that we are terminating your Agent's Contract (Form N9 – 10/10) in accordance with the provision of Section 19. This termination is to be effective April 21, 2023.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

> Further, your authority to solicit business on behalf of New York Life or any of its subsidiaries is suspended, effective immediately.
>
> This letter also gives notice of New York Life's intent to enforce Paragraph 23 of your Agent's Contract. New York Life will take all appropriate measures to prevent and deter violation of this or any other provision of your Agent's Contract.
>
> All appointments currently held with New York Life Insurance Company, New York Life Insurance and Annuity Corporation, and / or NYLIFE Insurance Company of Arizona will be cancelled.

15. By email dated April 14, 2023, Corcuchia responded to New York Life's March 22, 2023 notice of termination letter, stating in pertinent part as follows:

> Please accept this communication as my resignation from New York Life and NYLIFE Securities LLC effective immediately.

16. By letter dated April 14, 2023, New York Life notified Corcuchia that it was accepting his resignation, stating in pertinent part as follows:

> This is to inform you that we are in receipt of your resignation request. It will be processed effective 4/14/2023.
>
> In addition, all appointments currently held with New York Life Insurance Company, New York Life Insurance and Annuity Corporation, and/or NYLIFE Insurance Company of Arizona will be canceled.
>
> If your ledger has a debit balance, New York Life and affiliates reserve the right to disclose that information to the appropriate regulatory authorities and may include that information on your Form U5, if applicable.

17. Upon information and belief, Corcuchia stopped acting as a New York Life agent on or about April 14, 2023.

**<u>Provisions of the Agent's Contract and Agent's Handbook Relating to Commissions</u>**

18. New York Life paid Corcuchia commissions pursuant to Paragraph 28(a) of the N9 Contract, which provide, in relevant part, as follows:

> New York Life shall credit to your Agent's ledger, if You are the then current agent of record, subject to all the limitations, terms, provisions and conditions of this Agent's Contract, service fees on premiums received by New York Life under individual life and individual health insurance policies. Said service fees shall be credited at the applicable rates and for the policy years, or portions

> thereof, and under the rules and conditions as specified for agents operating under Agent's Contract (Form N9) in New York Life's schedules of first year and renewal commission rates in force at the time the policy applications are obtained unless specified otherwise in writing by New York Life.

19. Paragraph 6 of the TAS Contract similarly provides as follows:

> The Agent's compensation will be commission-based, with certain incentive components, if eligible, based upon persistency and the Agent's production. In addition to the commissions described in the Agent's Contract, the Agent will also be eligible for Training Allowances (Commission Based Training Allowance Payments and Life Case Rate Training Allowance Payments) under the terms of this Agreement, as provided in Sections 9 and 10 below. The Agent will be ineligible for overtime and shall not receive remuneration related to the number of hours worked.

20. The Agent's Contract, however, requires New York Life to reverse, or "charge back," to the agent's ledger any commissions previously paid to the agent whenever New York Life, among other things, declines to issue a policy, or rescinds or cancels a policy. Paragraph 30 of the N9 Contract provides as follows:

> **Chargebacks.** Should New York Life, in its sole discretion, deem it appropriate at any time to reject, decline, rescind, reform, modify, or cancel a policy and refund any premium on which You received any payment, or if any reduction in premium occurs, or if any overpayment in compensation occurs, such payment shall be charged back to You. The chargeback shall constitute an indebtedness of You to New York Life and may be debited against your Agent's Ledger.

21. Paragraph 7 of the TAS Contract similarly provides as follows:

> When the Company, for any reason, rejects, declines, rescinds, reforms, modifies, or cancels a policy and refunds or tenders a refund of a premium, in whole or in part, the Company will debit the Agent's Ledger by the amount of any commission refund applicable because of the premiums so refunded or tendered for refund.

22. In Paragraph 8 of the N9 Contract, Corcuchia acknowledged receipt of the Agent/Registered Representative's Handbook (the "Handbook" or "Agent's Handbook"), and "agree[d] to observe and abide by the limitations of authority and the rules and policies specified therein and in any amendments and supplements thereto . . . and in other published New York Life

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

rules and policies, now in existence or as may be adopted after execution of this Agent's Contract."

23. Paragraph 9 of the N9 Contract provides as follows:

> **Compensation –** Your compensation will be commission-based, with certain incentive components, if eligible, based upon persistency and your production. A ledger account, referred to herein as the Agent's ledger, will be established for You. Credits and debits will be entered on the Agent's Ledger in accordance with this Agreement, such other agreements that may be entered into between You and New York Life, and the Company's rules, procedures and practices concerning the administration of an Agent's ledger (including the application of debits to the Agent's ledger pursuant to expense authorization forms executed by You). You will receive payments no less frequently than twice per month, on or about the 1st and 15th of each month, in the amount, if any, that the credits exceed the debits applied to the Agent's ledger. Such credits and debits shall be reconciled on a rolling basis as they are posted to the ledger. ***All payments from the ledger account are subject to the applicable rules and procedures concerning advancing, annualization and reversal of commissions and similar adjustments for offsetting of expenses***.
>
> You agree that your rights to receive commissions and service fees as provided in this Agent's Contract shall be further subject to the rules relating to commissions and service fees as contained in the Handbook, and in other published New York Life rules and policies, now in existence or as may be adopted after execution of this Agent's Contract. (Emphasis added.)

24. Paragraph 9(b) of the TAS Contract provides in pertinent part as follows:

> A ledger account, referred to herein as the Agent's ledger, will be established for the Agent. Credits and debits will be entered on the Agent's ledger in accordance with this Agreement and with the Company's rules, procedures and practices concerning the administration of an Agent's ledger. The Agent will receive payments no less frequently than twice per month, on or about the 1st and 15th of each month, in the amount, if any, that the credits exceed the debits applied to the Agent's ledger. Such credits and debits shall be reconciled on a rolling basis as they are posted to the ledger. All payments from the ledger account are subject to the applicable rules and procedures concerning advancing, annualization and reversal of commissions. For purposes of this Agreement, commissions are credited to an Agent's ledger only after the required premiums have been received and applied at the Company's Home Office.

25. Paragraph 10 of the N9 Contract provides that Corcuchia "shall be liable for payment of the fees, charges and payments specified in the Handbook, this Agent's Contract, and in other published New York Life rules and policies now in existence or as may be adopted after execution of this Agent's Contract."

26. Section O (under "Section II: Rules of Conduct") of the Agent's Handbook provides that "[i]f, for any reason, the Company rescinds, declines, does not issue, or cancels a policy, the amount of any compensation credited to the Agent as a result of the policy will be debited from Agent's ledger of as necessary, upon demand therefore, the Agent shall otherwise repay the Company the amount of any such credited compensation. Agents are responsible for all ledger debits, including those held at the time of termination or resignation."

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

**Provisions of the Agent's Handbook Relating to Debit Ledger Balances**

27. Section O of the Agent's Handbook also provides that "[t]he Agent is responsible for all sums due to [New York Life] pursuant to the Agent's contract or otherwise."

28. Section O of the Agent's Handbook also provides that "[a]ny indebtedness or obligation remaining after offset [of credits in the ledger] is a personal debt owed by the Agent" to New York Life, and that New York Life "may recover any such debt at any time, together with applicable interest."

29. Section O of the Agent's Handbook also provides that "[a]ny Agent whose contract with [New York Life] is terminated at the request of either the Agent or [New York Life] is required immediately to repay any such debt to [New York Life]. Any such debt survives the termination of any Agent's contract with [New York Life], and [New York Life] has the right to full repayment, together with applicable interest."

**The Debit Balance in Corcuchia's Ledger**

30. During the time that Corcuchia was an agent and thereafter, New York Life, in respect to many applications submitted by Corcuchia, did not issue certain policies, adjusted commissions on issued policies, and rescinded and cancelled other issued policies, which necessitated that New York Life reverse or adjust various commissions previously paid to Corcuchia.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

31. These commission reversals and adjustments, together with other applicable charges to Corcuchia's agent ledger with New York Life, caused a debit balance, which is currently $145,665.78.

**The Indemnification Provisions of the Agent's Contract and Agent's Handbook**

32. Paragraph 14(b) of the N9 Contract requires Corcuchia to "reimburse New York Life for all attorney's fees, costs, expenses, losses, damages and liability of every kind which New York Life may at any time incur or pay" arising out of any "breach by [Corcuchia] of any terms or provisions of this Agent's Contract or any of New York Life's procedures, rules or guidelines."

33. New York Life has incurred, and will continue to incur, attorneys' fees, costs and expenses on account of Corcuchia's breach of the Agent's Contract and New York Life's procedures, rules and guidelines, and his failure to enter into an agreement to repay the debt to New York Life.

## FIRST CAUSE OF ACTION

**(Breach of Contract against Defendant Corcuchia)**

34. New York Life incorporates by reference the allegations of Paragraphs 1-33 above.

35. New York Life and Corcuchia entered into and were parties to the Agent's Contract, which is a valid and enforceable contract, key terms of which are described above.

36. At all relevant times, New York Life fully performed all of its obligations under the Agent's Contract.

37. Corcuchia failed to perform his obligations under the Agent's Contract and the Agent's Handbook (which is expressly incorporated into the Agent's Contract) by failing to pay New York Life, despite its demand, the sum of $145,665.78, which is the current debit balance in his agent ledger.

38. Corcuchia's failure to do so constitutes a material breach of contract.

39. As a direct and proximate result of Corcuchia's breach of contract, New York Life has sustained damages in an amount to be proven in this action, but which damages are not less than $145,665.78, which New York Life is entitled to recover from Corcuchia, together with interest from the date of the breach, and New York Life's attorneys' fees, costs and expenses.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1210
OAKLAND, CA 94612
(415) 882-5000

## PRAYER FOR RELIEF

WHEREFORE, New York Life prays for relief and judgment in its favor and against Defendant Corcuchia and Does 1-50 as follows:

1. For compensatory damages, according to proof at trial, but in any event not less than $145,665.78;

2. For interest, including prejudgment interest, at the legal rate;

3. For attorneys' fees, costs and expenses incurred in this action, as provided by Paragraph 14(b) of the N9 Contract;

4. For costs of suit; and

5. For such other relief as is fair, just, and equitable.

Dated: July 26, 2024

DENTONS US LLP

By: ______________________
ANDREW S. AZARMI
MENGMENG ZHANG

Attorneys for Plaintiff
NEW YORK LIFE INSURANCE COMPANY