UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA BROWN, et al.,<br>Plaintiffs,<br>v.<br>NEW YORK LIFE INSURANCE COMPANY, et al.,<br>Defendants. | Case No. 3:26-cv-05141-JSC<br>**ORDER DIRECTING PARTIES TO MEET AND CONFER RE: MOTION TO COMPEL ARBITRATION**<br>Re: Dkt. No. 26 |

Plaintiffs filed this putative class action bringing wage and hour claims against their former employers New York Life Insurance Company, New York Life Insurance and Annuity Corporation, NYLIFE Insurance Company of Arizona, and NYLIFE Securities LLC. Defendants have moved to compel arbitration pursuant to arbitration provisions in multiple contracts governing Plaintiffs' employment. (Dkt. No. 26.) Because the parties' briefing indicates there is a dispute as to contract formation, which may have been resolved through the briefing process, the Court Orders the parties to meet and confer as set forth below.

Defendants move to compel arbitration under arbitration provisions in two contracts: (1) the Training Allowance Subsidy Plan Agreement (TAS Agreement), and (2) the related Agent Contract. Plaintiffs oppose arbitration arguing, among other things, Defendants have not met their burden to demonstrate valid arbitration agreement(s) between the parties. (Dkt. No. 29.) While Plaintiffs do not dispute they signed the at-issue agreements containing the arbitration provisions, they insist Defendants have not supplied necessary evidence of contract formation. (Dkt. Nos. 29-1 at ¶¶ 7-8; Dkt. No. 29-2 at ¶¶ 3-5; Dkt. No. 29-3 at ¶¶ 4-5; Dkt. No. 29-4 at ¶¶ 4-5; Dkt. No. 29-5 at ¶ 3; Dkt. No. 29-6 at ¶¶ 3-5.) In particular, Plaintiffs contend—and Defendants do not dispute—the TAS Agreement states "This Agreement is not effective until both it and the Agent's

United States District Court
Northern District of California

Contract are duly signed by the Agent, approved by New York Life's Home Office, and respective Countersignature Pages are issued, signed and countersigned by New York Life's duly authorized representatives and specifying the Effective Dates thereof." (*See, e.g.*, Dkt. No. 26-1 at 28.) Likewise, the Agent's Contract states "This Agent's Contract is not effective until it is duly signed by the Agent, approved by New York Life's Home Office and a Countersignature Page is issued, signed and countersigned by New York Life's duly authorized representatives and specifying the Effective Date hereof." (Dkt. No. 26-1 at 91.) Defendants did not attach evidence of the countersigned agreements with their motion to compel arbitration. Defendants also did not attach evidence of the Agent's Contracts for Plaintiffs Brown, Moore, Sandoval, or Valdez. After Plaintiffs raised these issues in their opposition brief, Defendants offered the evidence in an errata filed two days before their reply and in a declaration attached to their reply. (Dkt. Nos. 31-1; 32-1.) Plaintiffs object to Defendants' untimely submission of this evidence. (Dkt. No. 34.)

The parties are ORDERED to meet and confer in person or by videoconference as to whether the evidence Defendants have now provided resolves the disputes regarding contract formation as to Plaintiffs Brown, Moore, Sandoval, Valdez, and Sciara. By October 22, 2026, the parties shall file a joint statement indicating the dispute is resolved, or, if not resolved, by that same date Plaintiffs shall file a sur-reply of no more than seven-pages addressing the newly-submitted evidence. Any such sur-reply must contain a certification of the date of the parties' in person or videoconference meet and confer, who attended the meet and confer, and how long it lasted. In light of this Order, the Court CONTINUES the hearing on the motion to compel arbitration to November 5, 2026 at 9:00 a.m. by Zoom videoconference.

**IT IS SO ORDERED.**

Dated: October 2, 2026

JACQUELINE SCOTT CORLEY
United States District Judge